IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN MEDIA, INC, and MR. OLYMPIA, LLC, § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:16-CV-3259-D | |
| § | | |
| TIMOTHY LEE THOMPSON and § NSPIRE SPORTS LEAGUE, LLC, § § | | |
| Defendants. § | | |

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER

COME NOW, Defendants, Timothy Lee Thompson and Nspire Sports League, LLC ("Defendants"), and file this Defendants' First Amended Original Answer to Plaintiffs' First Amended Complaint as follows:

### I. GENERAL DENIAL

Pursuant to Federal Rule of Procedure 8(b), Defendants deny each and every allegation contained in Plaintiffs' First Amended Complaint except those expressly admitted herein.

### II. ANSWER TO COMPLAINT ALLEGATIONS

The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiffs' First Amended Complaint.

1. In response to Paragraph 1 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

2. In response to Paragraph 2 of Plaintiffs' First Amended Complaint, Defendants admit that the Mr. Olympia competition has been a premier international bodybuilding

and fitness competition for more than 50 years. Defendants admit that AMI partnered with Mr. Olympia 13 years ago but denies the remainder of the allegations.

3. In response to Paragraph 3 of Plaintiffs' First Amended Complaint, Defendants admit that Mr. Thompson was a former judge of the Mr. Olympia competition and has formed his own bodybuilding league, NSL, but denies the remainder of the allegations.

4. In response to Paragraph 4 of Plaintiffs' First Amended Complaint, Defendants admit that Defendants claim that NSL events offer transparency and equality not found in events like the Mr. Olympia competition. Defendants deny the remaining allegations.

5. In response to Paragraph 5 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

6. In response to Paragraph 6 of Plaintiffs' First Amended Complaint, Defendants admit, upon information and belief, that Plaintiff AMI is a Delaware corporation with its principal place of business at 4 New York Plaza, New York, New York. Defendants admit that AMI owns and operates print and digital celebrity and health & fitness publications in the United States and in the competitive fitness and bodybuilding communities and its titles include, among others, *Men's Fitness*, *Muscle & Fitness*, *Flex* and *Muscle & Fitness Hers*. Further, Defendants admit AMI has an online presence. Defendants deny the remaining allegations.

7. In response to Paragraph 7 of Plaintiffs' First Amended Complaint, Defendants admit, upon information and belief, that Plaintiff Mr. Olympia is a Delaware limited liability company with its principal place of business at 6420 Wilshire Boulevard, 15th Floor, Los Angeles, California. Further, Defendants admit that Mr. Olympia promotes and organizes the Mr. Olympia competition. Upon information and belief, Defendants admit that AMI's publications *Muscle & Fitness*, *Flex* and *Muscle & Fitness Hers* have some type of business

relationship with Mr. Olympia and the Mr. Olympia competition. Upon information and belief, Defendants admit that Mr. Olympia has two (2) members: (i) AMI; and (ii) IFBB Olympia Holdings Inc., a Delaware corporation with a principal place of business at 2875 Bates Road, Montreal, Quebec H3S 1B7 Canada. Defendants deny the remaining allegations.

8. In response to Paragraph 8 of Plaintiffs' First Amended Complaint, Defendants admit the allegations.

9. In response to Paragraph 9 of Plaintiffs' First Amended Complaint, Defendants admit the allegations.

10. In response to Paragraph 10 of Plaintiffs' First Amended Complaint, Defendants admit jurisdiction is proper in this Court because it concerns a controversy between citizens of different states. Defendants deny the remaining allegations.

11. In response to Paragraph 11 of Plaintiffs' First Amended Complaint, Defendants admit venue is proper in the State of Texas, Northern District, Dallas Division because Defendants reside and transact business in this district, but deny that Defendants committed any wrongdoing or any events or omissions that give rise to valid claims in this district or any district for that matter.

12. In response to Paragraph 12 of Plaintiffs' First Amended Complaint, Defendants admit the allegations therein.

13. In response to Paragraph 13 of Plaintiffs' First Amended Complaint, Defendants admit that Defendants filed a Motion to Dismiss in the Southern District Action on several grounds including but not limited to lack of jurisdiction on the grounds that they were not subject to personal jurisdiction. Defendants deny the remaining allegations.

14. In response to Paragraph 14 of Plaintiffs' First Amended Complaint, Defendants admit that Plaintiffs dismissed the Southern District Action but deny the reasons Plaintiff's assert for dismissing them.  Defendants admit that Defendants are subject to personal jurisdiction in this district, Dallas division.  Defendants deny the remaining allegations.

15. In response to Paragraph 15 of Plaintiffs' First Amended Complaint, Defendants admit that the Mr. Olympia competition has been an international bodybuilding competition for approximately fifty (50) years.  Defendants admit that Arnold Schwarzenegger appeared in the event and the feature film "Pumping Iron".  Defendants admit that AMI formed a business relationship of some type with Mr. Olympia more than a decade ago.  The remaining allegations in paragraph 15 appear to be more subjective opinions than facts and as such Defendants are without sufficient information to admit or deny these opinions and allegations.

16. In response to Paragraph 16 of Plaintiffs' First Amended Complaint, Defendants admit that the bodybuilding industry has two (2) main sanctioning bodies: the National Physique Committee ("NPC") for amateur events; and the IFBB Professional League (the "IFBB Pro League" or "IFBB") for professional events. Further, Defendants admit that Thompson is a former regional chairman, promoter and competition judge for the NPC and that Thompson also used to judge the Mr. Olympia competition for the IFBB Pro League.

17. In response to Paragraph 17 of Plaintiffs' First Amended Complaint, Defendants admit that Thompson had a disagreement with Mr. Manion over Thompson's future role and other matters 2015 such as improprieties that need to be remedied.  Defendants deny the remaining allegations.

18. In response to Paragraph 18 of Plaintiffs' First Amended Complaint, Defendants admit that Thompson resigned from NPC and launched his own bodybuilding league. Defendants deny the remaining allegations.

19. In response to Paragraph 19 of Plaintiffs' First Amended Complaint, Defendants admit that NSL has its own website to promote its league and that NSL uses the website and other social media outlets to advertise and market its products, services and league, and compares its products, services and league to that of competitors. Defendants deny the remaining allegations.

20. In response to Paragraph 20 of Plaintiffs' First Amended Complaint, Defendants admit that the NSL and Thompson "promise[d] to give fans fairly judged contests with deserving winners minus the controversial results that have occasionally plagued non-NPC Global events." Further, Defendants admit to intending to expose the existing system and structure that is ruining the sport and competition. Defendants deny the remaining allegations.

21. In response to Paragraph 21 of Plaintiffs' First Amended Complaint, Defendants admit that NSL's promotional materials are targeted at amateur and professional bodybuilding and fitness athletes. Further, Defendants admit receiving stories from athletes of rigged contests, sexual impropriety and control over the industry. Further, Defendants do intend through the operation of the NSL to reform the industry and if necessary, expose improprieties to do so. Defendants deny the remaining allegations.

22. In response to Paragraph 22 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

23. In response to Paragraph 23 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

24. In response to Paragraph 24 of Plaintiffs' First Amended Complaint, Defendants admit posting on social media "We BUILT the NSL for YOU…". Further, Defendants admit to Thompson making remarks while standing in front of the NSL logo, including remarks generally about other competitions being pre-determined and not transparent. Further, Defendant Thompson has said that he can attest to the facts he stated. Further, Defendants deny the allegations.

25. In response to Paragraph 25 of Plaintiffs' First Amended Complaint, Defendants admit that Thompson made the statement contained in quotes while standing in front of the NSL logo and the American flag. Defendants deny the remaining allegations.

26. In response to Paragraph 26 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

27. In response to Paragraph 27 of Plaintiffs' First Amended Complaint, Defendants admit to stating that death threats were made against he and his family because of the quote admitted to in paragraph 26. Defendants deny the remaining allegations.

28. In response to Paragraph 28 of Plaintiffs' First Amended Complaint, Defendants admit that Thompson believes that that the competitors do not have "an equal opportunity to win" and that such statements founded upon his own personal experiences as an official in the Mr. Olympia competition. Further, Defendants admit that Thompson touts the NSL as being founded upon principles of "transparency" which are not offered in other leagues and competitions. Defendants deny the remaining allegations.

29. In response to Paragraph 29 of Plaintiffs' First Amended Complaint, Defendants admit to Thompson wearing shirts with the NSL logo prominently displayed. Further,

Defendants admit to exposing NPC for not disclosing money paid by sponsors. Defendants deny the remaining allegations.

30. In response to Paragraph 30 of Plaintiffs' First Amended Complaint, Defendants admit that Thompson was quoted by Muscle Sport magazine, a New York publication, regarding the transparency of other competitions being pre-determined and influenced by sponsors to increase magazine sales and sponsor revenue. Defendants deny the remaining allegations.

31. In response to Paragraph 31 of Plaintiffs' First Amended Complaint, Defendants admit that on May 13, 2016, the bodybuilding magazine *Muscle Sport* published an article entitled "Lee Thompson: Mr. Olympia Contests Fixed." The article, published on *Muscle Sport's* website, pronounces that the Mr. Olympia competition was "tainted, according to information provided by Thompson exclusively to Muscle Sport Magazine."

32. In response to Paragraph 32 of Plaintiffs' First Amended Complaint, Defendants admit that the Muscle Sport published an article that quoted Thompson as making the statement contained in paragraph 32 in quotes.

33. In response to Paragraph 33 of Plaintiffs' First Amended Complaint, Defendants admit that the Muscle Sport article quotes Thompson as making the quote contained in paragraph 33. Defendants deny the remaining allegations.

34. In response to Paragraph 30 of Plaintiffs' First Amended Complaint, Defendants admit that the New York Daily News and a YouTube video quotes Defendants as speaking "truth to power". Further, Defendants admit that Thompson lauded Muscle Sport for always taking the time to interview him to accurately state both sides of the story. Defendants deny the remaining allegations.

35. In response to Paragraph 35 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

36. In response to Paragraph 36 of Plaintiffs' First Amended Complaint, Defendants are without sufficient information to admit or deny what became clear to Plaintiffs. Defendants admit that, upon information and belief, on May 19, 2016, Plaintiffs filed a complaint in the United States District Court for the Southern District of New York asserting claims for defamation and tortious interference with prospective economic advantage and contract. Defendants deny the remaining allegations.

37. In response to Paragraph 37 of Plaintiffs' First Amended Complaint, Defendants admit that on May 19, 2016, the *New York Daily News* published an article titled "Disgruntled former Mr. Olympia judge smeared contest to promote his bodybuilding league, suit claims" and the article quotes Thompson as stating: "This is an attempt to intimidate me and my organization from speaking truth to power… And if they serve me with this lawsuit, we will defend it vigorously."  Defendants deny the remaining allegations.

38. In response to Paragraph 38 of Plaintiffs' First Amended Complaint, Defendants admit that a video was posted on YouTube on May 22, 2016, with the tagline "We will defend truth against power. Depositions and Discover[y] in New York are what I look most forward to so that you the athlete and other consumers have light shed on the entire Olympia weekend." Further, Defendants admit that Thompson stated he "sat at the [judge's] table" during the Mr. Olympia competition, and was simply "presenting facts" about what he knows occurred. Defendants deny the remaining allegations.

39. In response to Paragraph 39 of Plaintiffs' First Amended Complaint, Defendants admit that Thompson has alleged that the Mr. Olympia competition is "fixed".  Further,

Defendants admit that Thompson has alleged that the Mr. Olympia competition is used to drive magazine sales and sponsorship and advertising revenue which benefit AMI and Mr. Olympia. Defendants deny the remainder of the allegations.

40. In response to Paragraph 40 of Plaintiffs' First Amended Complaint, Defendants admit that Thompson was a former judge of the Mr. Olympia competition and promoter for the NPC. Defendants deny the remaining allegations.

41. In response to Paragraph 41 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

42. In response to Paragraph 42 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

43. In response to Paragraph 43 of Plaintiffs' First Amended Complaint, Defendants admit that their statements were made intentionally. Defendants deny the remaining allegations.

44. Paragraph 44 of Plaintiffs' First Amended Complaint does not require a response, except Defendants incorporate by reference their responses to Paragraphs 16-43 above.

45. In response to Paragraph 45 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

46. In response to Paragraph 46 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

47. In response to Paragraph 47 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

48. In response to Paragraph 48 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

49. Paragraph 49 of Plaintiffs' First Amended Complaint does not require a response, except Defendants incorporate by reference their responses to Paragraphs 16-48 above.

50. In response to Paragraph 50 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

51. In response to Paragraph 51 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

52. In response to Paragraph 52 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

53. In response to Paragraph 53 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

54. In response to Paragraph 54 of Plaintiffs' First Amended Complaint, Defendants deny the allegations.

55. In response to Paragraph 55 of Plaintiffs' First Amended Complaint, Defendants admit that Plaintiffs have demanded a jury trial.

56. In response to the last paragraph of Plaintiffs' First Amended Complaint, Defendants admit that Plaintiffs have requested the relief contained therein, but deny the allegations and deny that Plaintiffs are entitled to the relief sought.

### III.  AFFIRMATIVE DEFENSES

1. Defendants' actions were privileged and justified.

2. Defendants' statements were truthful and not defamatory or defamatory per se.

3. Plaintiffs' claims are barred or limited by Plaintiffs' failure to mitigate its damages, if any.

4. Plaintiffs have failed to state facts sufficient to constitute a cause of action against Defendants.

5. The alleged statements or publications made by Defendants are either true or substantially true when taken as a whole and not made with malice.

6. The alleged statements or publications made by Defendants are an expression of their free speech, protected by the 1st Amendment to the United States Constitution, applicable to States' action through the 14th Amendment to the United States Constitution.

7. The alleged statements or publications made by Defendants are an expression of their free speech, protected by Article I, section 8 of the Texas Constitution.

8. The alleged statements or publications made by Defendants regard matters of public concern related to health, safety and community well being protected by the freedom of speech provisions of the 1st Amendment to the United States Constitution and Article I, section 8 of the Texas Constitution and by CIV. PRAC. & REM. CODE §27.001 and CIV. PRAC. & REM. CODE §27.001(7) (A) and (B).

9. The alleged statements or publications made by Defendants are their opinions and are non-actionable.

10. Defendants would further show that if Plaintiffs suffered any injuries and damages, all of which are denied, then such injuries and damages were proximately caused by Plaintiffs' own acts or omissions.

11. Plaintiffs failed to comply with the Defamation Mitigation Act at Chapter 73.051 et seq. of the Texas Civil Practice and Remedies Code, including but not limited to 73.055-73.057.

## IV.  PRAYER

Wherefore, premises considered, Defendants request the Court to deny all relief requested by the Plaintiffs and enter judgment that Plaintiffs take nothing and award Defendants their costs, attorneys fees and such other relief to which they may be entitled by law.

Respectfully submitted,

**ALBIN ROACH, PLLC**

By: */s/ W. Todd Albin*_____
    W. Todd Albin – Lead Counsel
    Texas Bar No.00795214
    talbin@albinroach.com
    Laura Calhoun
    Texas Bar No. 06342400
    lcalhoun@albinroach.com
    5665 North Dallas Parkway, Suite 200
    Frisco, Texas 75034
    Tel. (214) 423-5100
    Fax. (214) 423-5111
    **ATTORNEY FOR TIMOTHY LEE THOMPSON AND NSPIRE SPORTS LEAGUE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2017, a true and correct copy of the above document was served upon the parties through their counsel of record via ECF notification.

James W. Walker
jwalker@coleschotz.com
Michael D. Sirota
msirota@coleschotz.com
Cameron A. Welch
cwelch@coleschotz.com
Cole Schotz P.C.
2525 McKinney Ave., Suite 1350
Dallas, Texas 75201

                */s/ W. Todd Albin*_____
                W. Todd Albin
                Attorney for Defendants